<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MICHAEL KNAUS,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br><br>**SCOTTRADE, INC.,**<br><br>    **Defendant.** | **Civil Action No. 15-3549 (ES) (JAD)**<br><br>**OPINION** |

SALAS, DISTRICT JUDGE

Before the Court is Defendant Scottrade, Inc.'s motion to dismiss *pro se* Plaintiff Michael Knaus's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 7). The Court has considered the parties' submissions and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court grants Defendant's motion to dismiss with respect to all Counts. Plaintiff may file an Amended Complaint with thirty (30) days of the date of the accompanying Order.

## I.    BACKGROUND

Plaintiff filed the one page Complaint on May 26, 2015. (D.E. No. 1, Complaint ("Compl.")).[1] According to Plaintiff, "Defendant violated pattern day trading minimum equity requirement rules." (*Id.*). Plaintiff also alleges that "Defendant violated buying power calculation rules, conducting an Improper Margin Call on Plaintiff's account." (*Id.*).

---

[1] Plaintiff's Complaint is only one page. Accordingly, the Court will not pincite when referencing the Complaint.

The Complaint includes the following nine causes of action: failure to supervise (Count 1); broker negligence (Count 2); violation of Financial Industry Regulation Authority ("FINRA") Conduct Rule 4210(f)(8) (Count 3); violation of New York Stock Exchange ("NYSE") Rule 431(f)(8) (Count 4); violation of National Association of Securities Dealers ("NASD") Conduct Rule 2110 (Count 5); violation of Code of Federal Regulations, Title 17, Chapter II, Part 242, Section 242.204 (Count 6); violation of Section 6 of the Securities Exchange Act of 1934 (Count 7); unauthorized trading (Count 8); and improper margin call (Count 9). (*Id.*).

Plaintiff seeks damages in the amount of $279,418,979 for punitive damages, court fees, and financial losses. (*Id.*).

On August 24, 2015, Defendant filed the instant motion to dismiss. (D.E. No. 7). According to Defendant, Plaintiff's two factual allegations are insufficient to state a claim. (D.E. No. 8, Brief in Support of Defendant's Motion to Dismiss ("Def. Mov. Br.") at 12-14). Moreover, Defendant asserts that the Court should compel arbitration pursuant to the terms of the April 5, 2006 Brokerage Account Application between Plaintiff and Defendant. (*Id.* at 6-10; D.E. No. 12, Defendant's Reply Brief ("Def. Reply Br.") at 2).

Plaintiff did not submit a brief in opposition to Defendant's motion by the required deadline. Rather, Plaintiff appeared in Court on September 21, 2015 to oppose the motion.[2] (D.E. No. 11). Following his September 21, 2015 appearance, Plaintiff submitted responses in opposition to the motion on October 22, 2015, December 11, 2015, and February 4, 2016. (D.E. Nos. 13-15). Plaintiff's submissions contained, among other things, a recitation of the facts

---

[2] Plaintiff was not required to appear in Court to oppose the motion. September 21, 2015 was the Motion Day for the instant motion to dismiss, but the Undersigned did not schedule oral argument for September 21, 2015.

surrounding the case, letters from Defendant, and documents related to Defendant's former FINRA violations.  (*See* D.E. Nos. 13-15).[3]

Plaintiff asserts that "dismiss[al] on procedural grounds . . . would only work an injustice." (D.E. No. 11).  The motion is now ripe for adjudication.

## II.   JURISDICTION

Before addressing the merits of the instant motion, the Court must determine whether it has subject matter jurisdiction.  A federal district court may exercise subject matter jurisdiction over an action based upon a federal question, 28 U.S.C. § 1331, or diversity of citizenship, 28 U.S.C.  § 1332.  Here, Plaintiff asserts violations of the Code of Federal Regulations and the Securities Exchange Act, both of which support a federal question under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that all complaints must set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While the Rule 8 pleading standard does not mandate detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Additionally, a plaintiff's claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[3] The Court may not review the documentation submitted by Plaintiff in opposition to Defendant's motion to dismiss.  Indeed, at the Rule 12(b)(6) stage, the Court may not rely on allegations and documents outside of the complaint unless they are "*integral to or explicitly relied* upon in the complaint."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  The allegations and documents submitted in opposition to the motion are neither integral to nor explicitly relied upon in Plaintiff's Complaint. Accordingly, the Court does not rely on these allegations or documents for the purpose of the instant motion.

Indeed, for a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  A court, when evaluating the sufficiency of a complaint, must accept all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Lastly, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips*, 515 F.3d at 236; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir.  2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile.").  In that connection, a "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).  Nevertheless, a "litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se."  *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## IV.    DISCUSSION

According to Defendant, the Court should dismiss the Complaint because Plaintiff: (1) obligated himself to arbitrate his claims, and (2) fails to state a claim upon which relief can be granted.  The Court will address each argument in turn.

### A.      Arbitration

First, the Court concludes that Defendant has failed to present a proper basis to compel arbitration.  (*See* D.E. No. 9-1, Ex. A, Scottrade Brokerage Account Agreement ("Agr."), Sections 28, 29).   According to Defendant, Plaintiff entered into the Scottrade Brokerage Account Agreement on April 5, 2006.  (Def. Mov. Br. at 4).  The Agreement contains an arbitration provision, which requires Plaintiff to "arbitrate any controversy . . . arising out of or relating in any way to . . . [Plaintiff's] Account."  (Agr. Section 29).

On a motion to compel arbitration, the Court must determine whether "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement" before granting the demand. *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, and 950646*, 584 F.3d 513, 523 (3d Cir. 2009).   According to the Third Circuit, if arbitrability is apparent on the face of the complaint, a Rule 12(b)(6) motion to dismiss standard of review should be applied. *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 774 (3d Cir. 2013).  On the other hand, where the face of the complaint fails to establish that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, the Third Circuit has determined that granting a motion to compel arbitration under a Rule 12(b)(6) standard would not be appropriate. *Id.*  In those instances, either further factual development is needed or, if the Court is presented with evidence placing the arbitrability question in issue, the issue must be decided under the Rule 56 summary judgment standard. *Id.*  If the court determines that further factual development is necessary, it may deny the motion pending discovery and entertain a renewed motion to compel under a summary judgment standard. *Id.* at 776.

Here, the face of the Complaint is silent as to arbitrability.  Indeed, the Complaint makes no reference to the Scottrade Brokerage Account Agreement, which contains the arbitration provision.  Given that the face of the Complaint is silent as to arbitrability, the Court cannot compel arbitration under a Rule 12(b)(6) standard.

**B.  Failure to State a Claim**

Next, Defendant argues that the Court should dismiss Plaintiff's Complaint for failure to state a claim.  Defendant argues that Plaintiff only asserts two conclusory allegations that fall short of Rule 8(a)'s notice pleading requirement.  (Def. Mov. Br. at 13).   The Court will address each Count in turn.

*1.  Failure to Supervise (Count 1)*

Plaintiff alleges that Defendant failed to supervise.  (Compl.).  The Court concludes that Count 1 fails to meet the notice pleading standards under Rule 8(a).  Indeed, Plaintiff has not pled any facts with respect to Defendant's failure to supervise, nor can the Court identify a state or federal claim or cause of action for failure to supervise.  Therefore, the Court grants Defendant's motion to dismiss Count 1 of the Complaint without prejudice.

*2.  Broker Negligence (Count 2)*

Plaintiff asserts a broker negligence claim.  (Compl.).  Broker negligence is recognized as a claim in the insurance context.  There, "insurance brokers and agents owe a fiduciary duty of care to insureds." *President v. Jenkins*, 814 A.2d 1173, 1185 (N.J. Super. Ct. App. Div. 2003).  A broker may be liable for breach of that duty "(1) if the broker neglects to procure the insurance, (2) if the policy is void, (3) if the policy is materially deficient, or (4) the policy does not provide the coverage he undertook to supply." *Id.* (internal quotation marks omitted).  There must be proof

6

of notice or a specific initiating inquiry from the client insured before a broker can be found to have an affirmative duty.  *Id.*

Here, Plaintiff failed to allege any facts with respect to any of these requisite elements. Importantly, Plaintiff has not alleged any facts from which the Court can assume that Defendant is an insurance broker.  Nor did Plaintiff allege any facts with respect to proof of notice or a specific initiating inquiry.  Therefore, the Court grants Defendant's motion to dismiss Count 2 of the Complaint without prejudice.

 *3.  Violation of FINRA (Count 3)*

Plaintiff alleges a violation of FINRA Conduct Rule 4210(f)(8).  According to Plaintiff, "Defendant violated pattern day trading minimum equity requirement rules."  (Compl.).

Even when holding the Complaint to a less stringent standard, this is a wholly conclusory allegation that is unsupported by factual assertions.  Plaintiff does not allege how the pattern day trading minimum equity requirement rules were violated, or provide any factual assertions from which the Court can infer that a violation occurred.  Accordingly, the Court grants Defendant's motion to dismiss Count 3 of the Complaint without prejudice.

 *4.  Violation of NYSE Rule 431(f)(8) (Count 4)*

Plaintiff alleges that Defendant violated NYSE Rule 431(f)(8).  (Compl.).  A review of the case law in this Circuit reveals that there is no private right of action for violations of the NYSE rules.  *See, e.g.*, *Daniel Boone Area Sch. Dist. v. Lehman Bros.*, 187 F. Supp. 2d 400, 408 (W.D. Pa. 2002) ("Although the Third Circuit has not addressed the issue explicitly, it is clear from numerous District Court opinions that there is no private right of action for a violation of a stock exchange rule in this Circuit.").  Accordingly, the Court grants Defendant's motion to dismiss Count 4 of the Complaint with prejudice.

*5.   Violation of NASD Conduct Rule 2110 (Count 5)*

Plaintiff alleges that Defendant violated NASD Conduct Rule 2110.  (Compl.).  Much like Count 4 of the Complaint, there is no private right of action for violation of the NASD.  *See Bloch v. Prudential–Bache Securities*, 707 F. Supp. 189, 195 (W.D. Pa. 1989) ("It seems well settled that no direct cause of action exists for violations of self-regulatory organizations such as the NYSE or NASD.").  Accordingly, the Court grants Defendant's motion to dismiss Count 5 of the Complaint with prejudice.

*6.   Violation of Code of Federal Regulations (Count 6)*

Plaintiff alleges that Defendant violated Code of Federal Regulations, Title 17, Chapter II, Part 242, Section 242.204.  *See* 17 C.F.R. § 242.204.  Section 242.204 is a lengthy provision that governs delivery of securities for clearance and settlement on long or short sales.  *See id.*

Plaintiff's conclusory allegations fail to present a short statement of the claim demonstrating that Plaintiff is entitled to relief.  Indeed, it is unclear how Defendant violated Section 242.204.  Given that Plaintiff fails to present factual allegations, the court grants Defendant's motion to dismiss Count 6 of the Complaint without prejudice.

*7.   Violation of the Securities Exchange Act (Count 7)*

Plaintiff alleges that Defendant violated Section 6 of the Securities Exchange Act of 1934, 15 U.S.C. § 78f.  (Compl.).  Section 6 provides for security exchange applications under certain circumstances.  15 U.S.C. § 78f.

First, it is unclear whether Section 6 provides for a private right of action in the instant context—*i.e.*, a suit against an online investment and brokerage firm.  *See Ferreri v. Mainardi*, 690 F. Supp. 411, 413 (E.D. Pa. 1988) ("It is well established in this circuit that there is no private right of action against a stock exchange under section 6 for a stock exchange's refusal or inability

to enforce these rules."). Moreover, Plaintiff fails to allege any facts with respect to Defendant's registration application. Accordingly, the Court grants Defendant's motion to dismiss Count 7 without prejudice.

### 8. Unauthorized Trading (Count 8)

Plaintiff alleges Defendant engaged in unauthorized trading. (Compl.). According to Plaintiff, "Defendant violated buying power calculation rules, conducting an Improper Margin Call on Plaintiff's account." (Compl.).

Courts have recognized unauthorized trading as a fraud-based claim where the plaintiff has demonstrated an omission, misrepresentation, or deception. *See Meyers v. Commodity Futures Trading Comm'n*, No. 92-70594, 1994 WL 362727, at *3 (9th Cir. July 13, 1994); *Cruse v. Equitable Sec. of New York, Inc.*, 678 F. Supp. 1023, 1028 (S.D.N.Y. 1987).

In the instant action, Plaintiff fails to present any facts as to how Defendant engaged in unauthorized trading. Specifically, Plaintiff fails to demonstrate an omission, misrepresentation, or deception. Indeed, Plaintiff asserts nothing more than conclusory allegations with respect to Defendant's alleged violations. For that reason, the Court grants Defendant's motion to dismiss Count 8 without prejudice.

### 9. Improper Margin Call (Count 9)

In the final Count, Plaintiff asserts that Defendant engaged in improper margin call. (Compl.). Plaintiff alleges that "Defendant violated the buying power calculation rules when Defendant conducted an improper margin call on Plaintiff's account." (Compl.). The Court is unable to identify an improper margin call cause of action. Accordingly, the Court grants Defendant's motion to dismiss Count 9 of the Complaint without prejudice.

V.      CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss as to Counts 1, 2, 3, 6, 7, 8, and 9 without prejudice. The grants Defendant's motion to dismiss as to Counts 4 and 5 with prejudice.  Plaintiff may file an Amended Complaint within thirty (30) days.  An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**